THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT F. STRAHM,<br><br>             Plaintiff,<br><br>        v.<br><br>STEVEN HUANG, et al.,<br><br>             Defendants. | CASE NO. C13-0297-JCC<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.      BACKGROUND

Plaintiff is the owner of a parcel of real property located in Snohomish County, Washington. (Dkt. No. 1 at ¶ 9.) Plaintiff removed a stand of diseased trees from his property, from which approximately 33,000 board feet of useable timber was salvaged.[1] (Dkt. No. 1 at ¶ 13.) Plaintiff has since planted fruit trees on the property and plans to build a home. (Dkt. No. 1 at ¶ 14–15.)

Defendants are employees of the Washington State Department of Natural Resources

---

[1] The Court recites all facts in the light most favorable to Plaintiff, the party opposing summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
PAGE - 1

1  ("DNR"). After Plaintiff removed the trees, DNR issued Plaintiff a "Notice to Comply," which
2  states that Plaintiff must either obtain a permit from Snohomish County authorizing conversion
3  of the property from forest land to other uses, or reforest the area. (Dkt. No. 14 at 4–5.) DNR
4  also issued a "Notice of Conversion to a Nonforestry Use," which states that Plaintiff had
5  harvested the entire parcel, removed stumps, and engaged in grading or filling on the parcel
6  without approval. (Dkt. No. 14 at 7–8.)

7  Plaintiff challenged the notices in a Brief Adjudicative Proceeding (Dkt. No. 15 at ¶ 2–3)
8  and a hearing before the Pollution Control Hearings Board (Dkt. No. 13 at ¶ 3). After the Board
9  issued an order upholding DNR's actions (*see* Dkt. No. 13 at 14–33), Plaintiff filed a petition for
10 review in Snohomish County Superior Court (Dkt. No. 13 at 5–13). Plaintiff's petition for review
11 was pending in state court when this case was filed. (Dkt. No. 13 at ¶ 4.) His petition claims that
12 DNR's actions violated the Fifth, Thirteenth, and Fourteenth Amendments to the United States
13 Constitution. (Dkt. No. 13 at 13 at 7–9.)

14 Plaintiff's complaint in this case seeks an order declaring that Defendants' actions
15 violated the Fifth, Thirteenth, and Fourteenth Amendments and seeks to enjoin Defendants from
16 "taking any additional action against Plaintiff." (Dkt. No. 1 at 1, 8–10.) Defendants' filed a
17 motion for summary judgment arguing, *inter alia*, that the Court should dismiss this case under
18 the *Younger*[2] abstention doctrine. (Dkt. No. 12 at 13–14.)

19 **II.   DISCUSSION**

20   **A.   *Younger* Abstention**

21 "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in
22 state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45. This rule exists to promote
23 federalism and comity and avoid the duplication of legal proceedings. *See id.* at 43–44. Federal
24 courts are required to abstain under *Younger* if four requirements are met: "(1) a state-initiated

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
PAGE - 2

proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Whether the underlying state proceeding is criminal or civil is not determinative. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A narrow exception to the general rule that federal courts will abstain exists in cases involving "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." *Id.* at 435.

All four requirements for abstention under *Younger* are satisfied in this case. First, the State of Washington initiated an action against Plaintiff when DNR issued the "Notice to Comply" and "Notice of Conversion to Nonforestry Use." (Dkt. No. 14 at 4–5, 7–8.) Plaintiff's appeal of those actions is pending in the state court system. (Dkt. No. 13 at 5–13.) Second, the state proceeding implicates an important state interest in enforcing its land-use statutes. *See San Remo Hotel v. City and Cnty. of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998) (finding the second prong of the *Younger* abstention test satisfied because "[t]he City has a strong interest in its land-use ordinances"). Third, Plaintiff is not barred from litigating his federal constitutional claims in the state proceeding; indeed his petition for review of DNR's determinations makes the same constitutional claims he makes in this case. (Dkt. No. 13 at 7–9.) Our federal system assumes that state courts are competent to resolve federal constitutional issues. *See Middlesex Cnty.*, 457 U.S. at 435–36. Fourth, Plaintiff asks this Court to enjoin the enforcement activities of DNR employees, which would have the effect of enjoining the pending state court proceedings addressing the validity of those actions under state and federal law. The Court is required to dismiss this case because all four requirements of the test for *Younger* abstention are satisfied.

Finally, there is nothing in the record to suggest that the narrow exception to *Younger* abstention for cases involving bad faith or harassment applies in this case. While Plaintiff may

1  believe that he is being harassed by DNR, the record does not support that belief.

2  Plaintiff's argument that the "*Ex parte Young* exception" applies in this case is not

3  persuasive. *Ex parte Young*, 209 U.S. 123 (1908), stands for the proposition that a party may

4  obtain an injunction barring a state official from violating the law. *See EEOC v. Peabody*

5  *Western Coal*, 610 F.3d 1070, 1085 (9th Cir. 2010). Whether abstention is appropriate under

6  *Younger* when a federal plaintiff seeks to effectively enjoin pending state court proceedings is a

7  separate question.

**III.   CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 12) is GRANTED. This matter is DISMISSED. The Clerk is respectfully directed to CLOSE this case.

DATED this 14th day of June 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
PAGE - 4